IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| TOMMIE RAY CHATTON | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-212 |
| JESSICA BACK, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Tommie Ray Chatton, an inmate previously confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Jessica Back, K. Smith, Adeola Bosede, William Ansah Agyemang, Brendan Henson, and Bryan Collier.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants Back, Smith, and Collier filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b). (Doc. #18.) Plaintiff has had an opportunity to file a response, and the matter is now ripe for review.

Factual Background

On May 31, 2021, Plaintiff was transported from the Stiles Unit to a local hospital for treatment after he was found unconscious in his cell. After his discharge from the hospital, Plaintiff was returned to the Stiles Unit in a transport van by Defendants Bosede, Agyemang, and Henson. During the transport, Plaintiff was shackled, handcuffed, and not restrained in a seatbelt. Plaintiff alleges the driver ran over a concrete curb, which caused Plaintiff to become airborne and hit the

roof, side, and seat of the van. Plaintiff alleges his head, neck, back, and body were injured, and he was bleeding from his mouth, nose, and head. Plaintiff alleges Defendants Bosede, Agyemang, and Henson delayed getting Plaintiff medical treatment, and then lied to members of the medical staff about how Plaintiff was injured. Because the transport staff told members of the medical staff that Plaintiff scraped his head on a nail, the members of the medical staff only treated Plaintiff's wounds and denied Plaintiff's requests for x-rays or other medical treatment.

Plaintiff filed a Step 1 grievance regarding the incident on June 7, 2021. Several days later, Plaintiff saw Defendant Smith. Plaintiff explained what happened and told Defendant Smith that he had filed a grievance. Defendant Smith told Plaintiff that one of the other wardens would be handling the grievance, but the wardens were both reassigned to other units ten days later. On July 2, 2021, Defendant Smith responded to Plaintiff's grievance. Plaintiff filed a Step 2 grievance on July 8, 2021. Defendant Back responded to the grievance, and it was returned to Plaintiff on November 8, 2021. Plaintiff claims the responses to his grievances were inadequate.

Plaintiff alleges he finally received x-rays on August 3, 2021. Plaintiff claims the x-ray report shows he had injuries to his ribs, head, neck, and back.

Plaintiff alleges Defendant Collier is responsible for the transportation policy which does not require seatbelts in transportation vehicles and that Defendant Collier failed to properly train or supervise employees.

Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to

relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Qualified Immunity*

Defendants Back, Smith, and Collier contends they are entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would

3

understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this instance, the court will first determine whether Plaintiff has alleged facts establishing a violation of his constitutional rights.

*Eighth Amendment*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires that the conditions of confinement are humane and that inmates receive adequate food, shelter, clothing and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

With respect to claims concerning prison conditions, the court must consider whether society considers the risk of harm to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The deprivation must be so serious as to "deprive prisoners of the minimal civilized measures of life's necessities," such as when it denies the prisoner some basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Gates*, 376 F.3d at 332-33. In addition to demonstrating that the alleged deprivation is sufficiently serious, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment

unless the official knows of, and consciously disregards, a substantial risk to an inmate's health or safety. *Farmer,* 511 U.S. at 840-41.

Transportation officers may be held liable under the Eighth Amendment for driving recklessly where there is a substantial risk of injury to a prisoner who is shackled, handcuffed, and is not secured in a seatbelt. *Rogers v. Boatright*, 709 F.3d 403, 408 (5th Cir. 2013). Thus, Plaintiff's allegations against the transport officers, who have not moved for dismissal, are sufficient to survive an initial screening. To the extent that Plaintiff alleges Defendants Back, Smith, and Collier violated his Eighth Amendment rights by allowing Plaintiff to be transported in a vehicle without seatbelts or by having a policy allowing the transportation of prisoners in vehicles lacking seatbelts, those claims fail to rise to the level of a constitutional violation. *See Cooks v. Crain*, 327 F. App'x 493, 494 (5th Cir. 2009) (holding that the absence of seatbelts in a prison transportation van does not violate a federally-protected right).

With respect to Plaintiff's claims regarding his medical treatment, Plaintiff has not demonstrated that Defendants Back, Smith, or Collier were personally involved in Plaintiff's medical treatment. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (holding that the plaintiff must allege facts illustrating the defendant's participation in the alleged wrong to successfully plead a cause of action in a civil rights case). To the extent that Plaintiff alleges Defendants Back and Smith violated his Eighth Amendment rights in connection with reviewing Plaintiff's complaints and grievances, such claims are insufficient to state a constitutional claim because an inmate does not have a constitutionally-protected interest in having his prison administrative complaints resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Criollo v. Milton*, 414 F. App'x 719, 721 (5th Cir. 2011) (holding that a practice manager did not violate an inmate's rights

by concealing evidence in responses to his grievances because the inmate did not have a liberty interest in the resolution of his grievances).

*Failure to Train or Supervise*

Plaintiff contends that Defendant Collier was responsible for the alleged constitutional violations because he failed to properly train or supervise his employees. Although Plaintiff has not demonstrated that Defendant Collier caused Plaintiff's injuries or delayed his access to medical treatment, Plaintiff may state a claim against him by showing: (1) the defendant failed to train or supervise his subordinates; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Mesa v. Prejean*, 543 F.3d 264, 274 (5th Cir. 2008). A single instance of lack of training or supervision is generally not sufficient to demonstrate deliberate indifference. *Id*.

Plaintiff has offered no evidence in support of his assertion that Defendant's alleged failure to train or supervise his employees caused the alleged constitutional violations. A defendant cannot be held liable based on general allegations that the injury could have been prevented if the employees had received better or additional training. *Roberts*, 397 F.3d at 293. Rather, the plaintiff must demonstrate, with specificity, how a particular training program is defective. *Id.* Plaintiff failed to meet this burden. Therefore, the claims that Defendant Collier failed to train or supervise his employees should be dismissed.

## Recommendation

Defendants' Motion to Dismiss should be granted.

<u>Objections</u>

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 28th day of June, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE