| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

TOMMIE RAY CHATTON, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:23-CV-212
§
ADEOLE BOSEDE, §
§
    Defendants. §

### ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Tommie Ray Chatton, a prisoner confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Adeola Bosede, William Ansah Agyemang, and Brendan Henson.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying Defendants' Motion to Dismiss, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Defendants filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes

the objections are without merit. Plaintiff alleges that Defendant Agyemang was recklessly handling his cell phone while driving and drove over a curb while Plaintiff was shackled and handcuffed in the transport van without a seatbelt. Plaintiff alleges he was thrown from his seat and struck the roof, seat, and side of the van. Plaintiff alleges the impact caused him to visibly bleed from his mouth, nose, and head, and he suffered injuries to his head, neck, and back. These allegations are sufficient to state a claim under the Eighth Amendment against Defendant Agyemang for deliberate indifference to Plaintiff's safety. *See Rogers v. Boatright*, 709 F.3d 403, 408-9 (5th Cir. 2013) (holding that the district court erred by dismissing as frivolous and for failure to state a claim a prisoner's claim that he was injured when a correctional officer recklessly drove a prison van knowing that the prisoner was shackled and not wearing a seatbelt). Defendant Agyemang cites *Baughman v. Hickman*, 935 F.3d 302, 307-9 (5th Cir. 2019), which affirmed the district court's decision to grant summary judgment to a deputy who was accused of causing injury to a prisoner by driving recklessly while the prisoner was handcuffed, shackled, and not protect by a seatbelt. The United States Court of Appeals for the Fifth Circuit distinguished its rulings in *Rogers* and *Baughman* by noting that *Rogers* was improperly dismissed at the screening stage, but summary judgment was appropriate in *Baughman* because the plaintiff failed to meet the evidentiary burden necessary at that stage to create a genuine dispute of material fact. In this instance, Plaintiff's allegations against Defendant Agyemang are sufficient to state a claim upon which relief may be granted.

Plaintiff alleges that the three defendants immediately opened the van door following the incident to see how badly Plaintiff was injured, and then acknowledged that the injuries were serious. Even though Plaintiff was allegedly screaming and begging for medical treatment, the

defendants waited nearly an hour to bring him to the unit medical facility for treatment. Plaintiff alleges the defendants then lied to the medical staff about Plaintiff's injuries to minimize the extent of those injuries and his need for medical treatment. Plaintiff alleges those lies caused the medical staff to disregard his reports of pain and injuries and delay medical treatment for those injuries. These allegations are sufficient to state a claim under the Eighth Amendment that Defendants Bosede, Agyemang, and Henson were deliberately indifferent to Plaintiff's serious medical needs.

## ORDER

Accordingly, Defendants' objections (#88) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the Report and Recommendation of the magistrate judge (#86) is **ADOPTED**. Defendants' Motion to Dismiss (#58) is **DENIED**.

SIGNED at Beaumont, Texas, this 17th day of March, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE