| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| TOMMIE RAY CHATTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:23-CV-212 |
| § | |
| J. BACK, REGIONAL DIRECTOR, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tommie Ray Chatton, an inmate currently confined at the Wayne Scott Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against multiple Defendants.

On November 14, 2025, Magistrate Judge Christine Stetson entered an Order granting Defendants' Motion for Leave to File Their Exhibit and Witness List Out of Time (#117). While finding Defendants' reasoning for the late filing inadequate, Magistrate Judge Stetson ultimately found that there was no prejudice to Plaintiff as the witnesses and exhibits had been previously disclosed to Plaintiff in Defendants' initial and supplemental disclosures. Plaintiff filed Objections to the Order on December 8, 2025 (#118).

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide nondispositive motions. If a party wishes to object to a magistrate judge's order, he may do so within 14 days and the district court will review the magistrate judge's order under a clearly erroneous or contrary to law standard. Similarly, under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider any pretrial matter under subparagraph (1) where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law. As the Magistrate Judge Oder granting Defendants' motion to file their exhibit and witness lists out of time is a nondispositive matter, the appropriate analysis is under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).

A review of the pleadings and Order in this case reveal no clear error. As outlined in the Order of the Magistrate Judge, the Federal Rules of Civil Procedure contemplate requests for an extension of time for good cause made after the time has expired. FED. R. CIV. P. 6(b)(1). Any such determination is within the discretion of the court after considering the relevant factors. *McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir. 2010). And, while, Plaintiff argues the Defendants acted in bad faith, any such argument is not supported by the record. The record reflects that the Defendants made their initial disclosures on October 16, 2023, (#20) and supplemental disclosures on May 30, 2025 (#92). Both were mailed to Plaintiff at the Gib Lewis Unit where Plaintiff was incarcerated at the time as evidenced by correspondence mailed by Plaintiff around that same time (#21 & #93). There is nothing in the record to suggest that Plaintiff did not receive these disclosures. Any recent mistake by Defendants in mailing correspondence to Plaintiff at the wrong unit does not equate to bad faith.

As explained by the Magistrate Judge, there is no prejudice to Plaintiff as the witnesses and exhibits have been previously disclosed to Plaintiff. The length of delay is minimal (13 days) and there is no delay in judicial proceedings as Defendants' motion for summary judgment is currently pending. The court, like the Magistrate Judge, admonishes the Defendants that timely notices of change of counsel and adequate calendaring are required.

Based on the foregoing, the Order of the Magistrate Judge (#117) is neither clearly erroneous nor contrary to law. It is, therefore, **ORDERED** that Plaintiff's Objections, liberally

construed as a Motion for Reconsideration (#118), is **DENIED**.  Defendants are admonished to update their records to reflect the current address for Plaintiff.

SIGNED at Beaumont, Texas, this 29th day of December, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE